O

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

| | | |
|---|---|---|
| DONALD G. ESCALANTE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-04-98 |
| | § | |
| COUNTY OF VICTORIA, TEXAS and | § | |
| CITIZENS MEDICAL CENTER | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Defendants' Motion to Dismiss and Alternative Motion for Discovery Sanctions (Dkt. #13). On April 15, 2005, Defendants filed a Motion to Compel pursuant to Rule 37(a)(2)(A) and (B) of the Federal Rules of Civil Procedure as a result of Plaintiff's failure to make disclosures required by Rule 26(a) and failing to answer questions propounded under Rules 33 and 34. Having received no response from the Plaintiff, the Court entered an Order on May 23, 2005, treating Defendants' motion as unopposed and granting Defendants' Motion to Compel. Pursuant to the Motion to Compel granted by the Court, Plaintiff had 10 days to comply with the Court's Order and to serve disclosures and written discovery responses to Defendants. That deadline passed on June 3, 2005.

According to the Defendants, as of the date of the pending motion, Plaintiff has still not provided disclosures and discovery responses as requested in Defendant's Motion to Compel. Nor has the Plaintiff filed a response to the motion pending before the Court within the deadline prescribed by Local Rule 7.3, "Opposed motions will be submitted to the judge twenty days from

filing without notice from the clerk and without appearance by counsel."[1]

Courts have the power to dismiss a case with prejudice for want of prosecution on motion of the defendant under Rule 41(b) or sua sponte under the courts' inherent power to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Repeated delays in providing discovery may justify dismissal with prejudice under Rule 41(b). *See, e.g., California Molasses Co. v. C. Brewer & Co.*, 479 F.2d 60, 61 (9th Cir. 1973). Dismissal with prejudice is inappropriate, except in "the most egregious of cases" where the court finds both a clear record of delay or contumacious conduct by the plaintiff, and that a lesser sanction would not better serve the best interests of justice. *Clofer v. Perego,* 106 F.3d 678, 679 (5th Cir. 1997); *Dorsey v. Scott Wetzel Services, Inc.,* 84 F.3d 170, 171 (5th Cir. 1996) (citations omitted); *Aucoin v. K-Mart Apparel Fashion Corp.*, 943 F.2d 6, 8 (5th Cir. 1991)*; McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988)*; Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982)). Less drastic sanctions than dismissal include assessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings. *See Boudwin*, 756 F.2d at 401(citing *Rogers*, 669 F.2d at 321-22).

In light of the circumstances surrounding Plaintiff's conduct, the Court opts for a lesser sanction than dismissal. Plaintiff shall pay Defendants' attorneys fees in the amount of $1,485. Additionally, Plaintiff is ordered to comply with all discovery orders within ten (10) days or this case will be dismissed.

---

[1] Federal Rule of Civil Procedure 6(e) gives a party who is served with a motion by mail or fax an additional three days to respond.

Defendants' Motion to Dismiss and Alternative Motion for Discovery Sanctions (Dkt. #13) is GRANTED in accordance with the foregoing.

It is so ORDERED.

Signed this 5th day of August, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE